## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | Case No. 14-56389-mlo |
| **LARRY H. MOORE** | ) | Hon. Maria L. Oxholm |
| **NANCY C. MOORE** | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

| | | |
|---|---|---|
| **TIMOTHY J. MILLER, TRUSTEE** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Adv. Pro. # 17-04300-mlo |
| vs. | ) | |
| | ) | Hon. Maria L. Oxholm |
| **LARRY H. MOORE** | ) | |
| **NANCY C. MOORE** | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS LARRY H. MOORE AND
## NANCY C. MOORE'S MOTION TO DISMISS
## AND FOR SANCTIONS PURSUANT TO 28 U.S.C. §1927

Defendants Larry H. Moore and Nancy C. Moore ("Defendants"), for their

Motion to Dismiss and for Sanctions Pursuant to 28 U.S.C. §1927 (the "Motion"),

state as follows:

1.     On October 20, 2014, Larry and Nancy Moore (the "Debtors") filed a

petition for Chapter 11 relief in an effort to save their home from foreclosure.

2. On April 15, 2015, after the Debtors were unable to propose a feasible plan, the Debtors' bankruptcy case, Case No. 14-56389-mlo, was converted to Chapter 7 and Plaintiff, Timothy J. Miller was appointed as the Chapter 7 Trustee.

3. On February 18, 2016, the U.S. Trustee filed an adversary complaint objecting to the Debtors' discharge pursuant to 11 U.S.C. §727(a)(3) and 11 U.S.C. §727(a)(4) in connection with the alleged failure of the Debtors to provides documents to the Chapter 7 Trustee.

4. On October 28, 2016, the Plaintiff filed Trustee's Amended Motion for Turnover of Interest Income.

5. On November 7, 2016, the U.S. Trustee, apparently satisfied that the Debtors had produced all of the required documents and information, dismissed his adversary complaint.

6. On November 8, 2016, the Debtors received their discharge.

7. On February 27, 2017, in response to Plaintiff's repeated threats and attempts to harass Debtors' relatives with subpoenas, Debtors filed a motion to compel abandonment of the remaining assets of the estate and to close the case.

8. On April 13, 2017, Plaintiff filed a twenty-two count complaint, Case No. 17-04299-mlo, seeking to poison Debtors relationships with their family members and business partners and to cause irreparable harm to Debtors' reputations in their business communities.

9.      As detailed in a separate motion to dismiss or for summary judgment filed in Case No. 17-04299-mlo, Plaintiff's counsel asserted claims unequivocally barred by applicable law, including but not limited to claims that Plaintiff's counsel was aware were rejected by binding precedent.

10.      On April 13, 2017, Plaintiff also filed this action to revoke the discharge claiming support under 11 U.S.C. §§ 727(d)(1), (d)(2), and (d)(3).

11.      As detailed in the attached brief, Plaintiff never had a good faith legal basis for filing this action.

12.      Plaintiff's conduct was part of a legal tactic to collaterally attack the Debtors' motion to compel abandonment and to force the Debtors to borrow money to settle the meritless claims.

13.       Defendants therefore request that, in addition to dismissal of this action for failure to state a claim upon which relief can be granted, the Court award sanctions pursuant to 28 U.S.C. § 1927 against Plaintiff's counsel, including all fees and costs associated as a result of the conduct.

14.      On June 1, 2017, pursuant to L.B.R. 9014-1(h), Defendants' counsel contacted Kenneth Schneider, Trustee's counsel, and requested concurrence as to the relief sought. No response was received.

**WHEREFORE,** for the reasons set forth in the attached Brief, Defendants respectfully request that this Court grant the Motion, dismiss the Complaint, and award sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927.

Respectfully submitted,

Dated: June 2, 2017

KERR, RUSSELL AND WEBER, PLC

By: _/s/ William C. Blasses_
    Jason W. Bank (P54447)
    William C. Blasses (P73945)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
jbank@kerr-russell.com
wblasses@kerr-russell.com

**EXHIBIT 1**

**PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | Case No. 14-56389-mlo |
| **LARRY H. MOORE** | ) | Hon. Maria L. Oxholm |
| **NANCY C. MOORE** | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

| | | |
|---|---|---|
| **TIMOTHY J. MILLER, TRUSTEE** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Adv. Pro. # 17-04300-mlo |
| vs. | ) | |
| | ) | Hon. Maria L. Oxholm |
| **LARRY H. MOORE** | ) | |
| **NANCY C. MOORE** | ) | |
| | ) | |
| Defendants | ) | |

## ORDER GRANTING DEFENDANTS LARRY H. MOORE AND NANCY C. MOORE'S MOTION TO DISMISS AND FOR SANCTIONS PURSUANT TO 28 U.S.C. §1927

This matter coming before the Court upon Motion to Dismiss and for Sanctions (the "<u>Motion</u>").   Notice of the Motion was sufficient under the circumstances, and the court being fully advised in the premises:

### IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     The Complaint is dismissed with prejudice.

3.     That sanctions are awarded pursuant to 28 U.S.C. §1927. Plaintiff's counsel, Kenneth Schneider, shall be required to pay all costs, expenses, and attorneys' fees reasonably incurred because of the filing of Plaintiff's Complaint for Revocation and Denial of Discharge.

**EXHIBIT 2**

**NOTICE**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | ) |
| | )   Case No. 14-56389-mlo |
| **LARRY H. MOORE** | )   Hon. Maria L. Oxholm |
| **NANCY C. MOORE** | )   Chapter 7 |
| | ) |
| Debtor | ) |

| | |
|---|---|
| **TIMOTHY J. MILLER, TRUSTEE** | ) |
| | ) |
| Plaintiff | ) |
| | )   Adv. Pro. # 17-04300-mlo |
| vs. | ) |
| | )   Hon. Maria L. Oxholm |
| **LARRY H. MOORE** | ) |
| **NANCY C. MOORE** | ) |
| | ) |
| Defendants | ) |

## NOTICE AND OPPORTUNITY TO OBJECT TO DEFENDANTS LARRY H. MOORE AND NANCY C. MOORE'S MOTION TO DISMISS AND FOR SANCTIONS PURSUANT TO 28 U.S.C. §1927

**PLEASE BE ADVISED** that Defendants Larry H. Moore and Nancy C. Moore ("Defendants") have filed a Motion to Dismiss and for Sanctions Pursuant to 28 U.S.C. §1927 (the "Motion"). In the Motion, Defendants request that the Court enter an Order granting their Motion to Dismiss and for Sanctions.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, pursuant to E.D. Mich. LBR 9014-1, within 14 days, or as otherwise ordered by the Court, you or your attorney must:

1.    File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort Street, Suite 100
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.  You must also mail a copy to:

William C. Blasses, Esq.
Kerr, Russell and Weber, PLC
500 Woodward Ave., Suite 2500
Detroit, Michigan 48226
jbank@kerr-russell.com

2.    If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

Respectfully submitted,

Dated:  June 2, 2017              KERR, RUSSELL AND WEBER, PLC

By:   _/s/ William C. Blasses_
        Jason W. Bank (P54447)
        William C. Blasses (P73945)
        500 Woodward Avenue, Suite 2500
        Detroit, MI 48226
        (313) 961-0200
        jbank@kerr-russell.com
        wblasses@kerr-russell.com

---

[1]Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

**EXHIBIT 3**

**BRIEF IN SUPPORT OF MOTION**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In the Matter of: )
)                    Case No. 14-56389-mlo
**LARRY H. MOORE** )                    Hon. Maria L. Oxholm
**NANCY C. MOORE** )                    Chapter 7
)
Debtor )

---

**TIMOTHY J. MILLER, TRUSTEE** )
)
Plaintiff )
)                    Adv. Pro. # 17-04300-mlo
vs. )
)                    Hon. Maria L. Oxholm
**LARRY H. MOORE** )
**NANCY C. MOORE** )
)
Defendants )

---

## BRIEF IN SUPPORT OF DEFENDANTS LARRY H. MOORE AND NANCY C. MOORE'S MOTION TO DISMISS AND FOR SANCTIONS PURSUANT TO 28 U.S.C. §1927

### Introduction

Defendants, Larry and Nancy Moore seek dismissal of this lawsuit to revoke their discharge and the imposition of sanctions against Plaintiff's counsel for filing meritless claims for improper purposes. The United States Trustee previously agreed to a dismissal of a Complaint objecting to discharge after Debtors provided significant information and documents to the United States Trustee and the Chapter

7 Trustee ("Trustee"). Debtors received their bankruptcy discharge just over six months ago (which was 18 months since conversion of their case to Chapter 7). No new information has arisen since the entry of the discharge.

Plaintiff's Complaint contains 109 paragraphs and is an incomprehensible mess of factual allegations with unsupported legal conclusions set forth at the end. While a fine line exists between zealous advocacy and the applicable ethical rules, Plaintiff's Complaint lacks any conceivable legal basis for these claims. For these reasons, the Defendants seek dismissal of this case and award of all attorney fees and costs incurred in connection with and as a result of this action.

## I.    Background

Larry Moore, 68, works in media, internet and technology-related sales and business development. Nancy Moore is 67-years-old and retired. Mr. Moore suffers from heart disease and diabetes and Mrs. Moore suffers from depression.

Mr. Moore is the Chairman and full-time employee of Clixie Media, LLC. Clixie Media is a start-up company focusing on an interactive video software platform that makes objects within the video interactive. Mr. Moore also has performed related consulting services for A2 Global Ventures, LLC ("A2GV"). A2GV performs seminars and tutorials on how to transition from a print environment to a digital world.

The Moores have experienced significant financial hardship over the past 15 years arising from issues with the Internal Revenue Service and construction of a home gone horribly wrong. In 2000, the Moores sold their interests in a company and relied on the advice of their advisors, Jenkins Gilchrist and BDO Seidman, who provided tax advice concerning the transaction. The transaction become subject to an extensive, protracted dispute with the IRS. After significant litigation in which the Moores expended substantial sums of money in professional fees, the Internal Revenue Service assessed taxes against the Moores in excess of $1.3 Million in approximately 2002.

In 2000, the Moores purchased land to build a new home in Ann Arbor. Construction of the residence began in 2001. The construction of the home turned out to be an unmitigated debacle, as the builder stole or converted hundreds of thousands of dollars for his own benefit. The Moores obtained a Judgment in the amount of $2,100,000 in 2006 after an extensive jury trial. Subsequently, the Moores expended a significant amount of money attempting to collect the Judgment. Unfortunately, the judgment debtors took steps to render themselves uncollectible, and no funds have been recovered toward the Judgment.

Accordingly, the Moores "overpaid" for the Ann Arbor residence as a result of the builder's actions and litigation costs. The Great Recession further dampened the value of the residence, resulting in a home that was significantly underwater with

value compared to mortgage debt. The Ann Arbor residence eventually went into foreclosure.

To make matters worse, the Moores were unable to sell their prior residence in Plymouth, Michigan. At the time construction of the Ann Arbor residence was completed, the Plymouth house had a fair market value in excess of $360,000. The Moores continued to own and rent the Plymouth property. In 2011, the value of this home had plummeted to $180,000 and was subject to a Mortgage of $312,000. The house was ultimately sold in a short sale.

Mr. Moore's income in 2009-2011 was heavily reliant on the newspaper sector. The newspaper industry began to suffer a significant downtown due to the economy and the shift from print to digital. Sales decreased dramatically and Mr. Moore was not able to close on various sales.

As business conditions worsened, the Moores attempted to enter into an offer in compromise with the IRS as well as a loan workout of its Mortgage with New York Community Bank ("NYCB"). When these efforts were not successful, on October 20, 2014, the Moores filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, Case No. 14-56389-mlo. The primary goals of the Chapter 11 filing were to restructure the IRS and NYCB indebtedness and to prevent foreclosure of the Ann Arbor home.

The Moores intended to file a Chapter 11 plan that would commit their disposable monthly income toward payment of their creditors, including the IRS and NYCB. Unfortunately, the contracts did not come to fruition. As a result, the Moores ultimately lost their Ann Arbor home to foreclosure. Recently, NYCB obtained a Judgment against the Moores requiring them to vacate the home.

The Moores consented to a conversion of their case, and on April 15, 2015, the Bankruptcy Court converted the Moores' Chapter 11 case to Chapter 7 and Timothy Miller was subsequently appointed as Chapter 7 Trustee.

## II.    The Trustee's Conduct

Upon his appointment, the Trustee undertook an extensive investigation of the assets of the Moores. On several occasions, the Moores agreed to extend the deadline for the Trustee to file a complaint objecting to discharge or for determination of discharge of debts.

On February 18, 2016, the U.S. Trustee filed a Complaint under 11 U.S.C. 727 objecting to the discharge of the Moores based primarily upon an alleged failure to produce documents as required under section 727.

Subsequently, the United States Trustee voluntarily agreed to dismiss the section 727 adversary proceeding, presumably because the United States Trustee was satisfied regarding Debtors' production of documents. On October 28, 2016, prior to the entry of the discharge, Plaintiff filed Trustee's Amended Motion for

Turnover of Interest Income.[1] (Doc. No. 128). On November 8, 2016, this Court entered the Order Discharging Both Debtors (Doc. No. 129).

However, the dismissal of the objection to discharge did not stop the Trustee. On February 27, 2017, in response to Plaintiff's repeated threats and attempts to harass Debtors' relatives with subpoenas, Debtors filed a motion to compel abandonment of the remaining assets of the estate and to close the case. On April 13, 2017, Plaintiff filed a twenty-two count complaint, Case No. 17-04299-mlo, seeking to poison Debtors relationships with their family members and business partners and to cause irreparable harm to Debtors' reputations in their business communities.

As detailed in a separate motion to dismiss or for summary judgment filed in Case No. 17-04299-mlo, Plaintiff's counsel asserted claims unequivocally barred by applicable law, including but not limited to claims that Plaintiff's counsel was aware were rejected by binding precedent.

On April 13, 2017, Plaintiff also filed this action to revoke the discharge claiming support under 11 U.S.C. §§ 727(d)(1), (d)(2), and (d)(3). Plaintiff's conduct was part of a legal tactic to collaterally attack the Debtors' motion to compel

---

[1] As noted below, the motion and legal theory appear to misstate the law in an attempt to transform an uncollectible receivable into something of value for the bankruptcy estate.

abandonment and to force the Debtors to borrow money to pay to settle the meritless claims.

This is not an appropriate legal strategy. Plaintiff has not identified a single factual averment in the 109 paragraphs set forth in the Complaint that can be construed as fraud in obtaining the discharge. Plaintiff's assertion that the Defendants received property of the estate is based on an intentional misunderstanding of Michigan law, an error that Plaintiff compounded in an effort to file another separate complaint. Plaintiff's assertion that the Defendants violated a Court order is not accompanied by a single reference to the order alleged to be violated, the provision violated, the conduct that amounts to the violation, or any facts or circumstances that would show that the Plaintiff had a good faith belief in a violation.

## Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.[2]  The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th

---

[2] A determination of a Motions to Dismiss under Rule 12(b)(6) is limited to a review of Plaintiff's Complaint. However, documents provided by a defendant as part of a Motion to Dismiss may be considered without converting the motion into one for summary judgment if the documents are referred to in the Complaint and are central to the plaintiff's claims. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Lupas v. United States Bank, N.A.*, No. 11-14584, 2012 WL 3758037, at *2-3 (E.D. Mich. Aug. 30, 2012 (concluding that the Court could proceed under Federal Rule of Civil Procedure 12(c) where the documents attached to defendant's motion were publicly available or were integral to the plaintiff's complaint).

Cir. 2007). To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).

However, the acceptance of factual allegations as true is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To do so, a court should (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

<u>**Argument**</u>

I.     **Plaintiff Has Failed to State a Valid Claim Upon Which Relief Can Be Granted.**

Plaintiff has failed to plead any facts that would support the relief requested. Although lacking structure and organization, it appears that Plaintiff is seeking relief

under 11 U.S.C. §§ 727(d)(2) and (d)(3) as well as claiming fraud pursuant to 11 U.S.C. § 727(d)(1). The Court need not consider plausibility because Plaintiff failed to plead a single fact that, if true, would support the relief requested.

### A.      Section 727(d)(1)

The standard for revoking a discharge pursuant to Section 727(d)(1) is extremely high. As one Court observed:

> In order for the court to revoke the Debtor's discharge under § 727(d)(1), Buckeye must establish that the Debtor "committed fraud in fact, not fraud in law, or implied fraud." *Trost,* 164 B.R. at 748. This fraud must have occurred in the Debtor's obtaining of his discharge, and "sufficient grounds must have existed which would have prevented the discharge had they been known and presented at the time." *Id.* "As a general rule, to obtain relief under § 727(d)(1), it is insufficient that a debtor's fraud rendered a particular debt nondischargeable; claimant must allege that the entire discharge would not have been granted but for debtor's fraud." *Lawrence Nat'l Bank v. Edmonds (In re Edmonds),* 924 F.2d 176, 180 (10th Cir.1991). Moreover, the party seeking revocation of the discharge must not have known sufficient facts regarding the Debtor's actions and/or omissions "such that [it was] put on notice of a possible fraud." *Mid–Tech Consulting, Inc. v. Swendra,* 938 F.2d 885, 888 (8th Cir.1991).

*In re Heil*, 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003).

Plaintiff's entire claim is supported by two legal conclusions and a few statements. Plaintiff's complaint simply states that:

- Defendants' discharge (entered on November 8, 2016) was obtained by fraud. ¶97
- The Trustee did not know of such fraud until after the discharge was entered. ¶98.
- The Defendants' failure to report the loan receivable was knowing and fraudulent. ¶103.

- The Defendants' failure to report their post-petition receipt of payments on the loan receivable was knowing and fraudulent. ¶104.

Plaintiff cannot claim that he was unaware of these items before the entry of the discharge. He filed a motion for turnover based on these specific allegations and even amended it prior to the entry of the Defendants' discharge. *See* Case No. 14-56389-mlo, Doc. Nos. 127 & 128. Plaintiff cannot claim lack of knowledge prior to the entry of the discharge.

No other statements are pled. None of the other paragraphs references a fraudulent scheme, representation or omission. None of the 109 paragraphs references a single fact that was not known before the discharge. For these reasons, this claim must be dismissed.

### B.    Section 727(d)(2)

Plaintiff's Section 727(d)(2) is based on a misapplication of Michigan law. Section 727(d)(2) permits revocation of the discharge when:

> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;

Like a Section 727(d)(1) claim, the failure to report and deliver the property to the Chapter 7 trustee must be knowing and fraudulent. *In re Davis*, 538 B.R. 368, 384 (Bankr. S.D.Ohio 2015).

The only conceivable theory asserted to facts appears to be related to the receivable owed by Software Innovations, Inc. However, the assertion that the Plaintiff can retroactively claim that Debtors have knowingly and fraudulent converted estate assets is absurd. While the Debtors did not complete the Chapter 11 process through a confirmed plan, funds used by the Debtors to pay for their ordinary expenses while in Chapter 11 were a proper exercise of their rights and duties as Debtors-in-possession. *See In re Ford*, 61 B.R. 913, 918 (W.D. Wisc. 1986) (payments made to creditors by debtor prior to confirmation of a plan were a proper exercise of debtor's power).

Additionally, any assertion that any post-conversion payments or transfers from any business entities somehow reduced or diminished the value of the estate's receivable against Software Innovations Inc. is without merit. When an account debtor has knowledge that its account has been assigned or transferred, the party cannot pay the account by transferring money to the assignor. MCL 440.9906 provides that:

> (1) Subject to subsections (2) through (9), an account debtor on an account, chattel paper, or a payment intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. ***After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.***

(emphasis added). The operative term is "notice". Once the account debtor receives notice that ownership has changed, payments to the prior owner of the account do not reduce the balance or affect the amount due and owing. *Commercial Savings Bank v. G & J Wood Products Company, Inc.*, 46 Mich. App. 133, 137, 207 N.W.2d 401, 404 (1973).

Thus, even assuming *arguendo*, that the Debtors intended and expected that the transfers from Software Innovations Inc. would reduce the receivable owed by the business, such intent would not affect the Plaintiff's rights to collect the full amount of the receivable and would not have affected the estate's interest in the receivable and therefore had no impact on the bankruptcy estate.

For these reasons, Plaintiff's Section 727(d)(2) claim has no legal basis and should be dismissed.

### C.    Section 727(d)(3)

Plaintiff's Section 727(d)(3) claim is also wholly unsupported. Section 727(d)(3) permits revocation if "the debtor committed an act specified in subsection (a)(6) of this section". Section 727(a)(6) provides for denial of the discharge when:

**(6)** the debtor has refused, in the case—

> **(A)** to obey any lawful order of the court, other than an order to respond to a material question or to testify;
>
> **(B)** on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify,

after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

**(C)** on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

However, other than a vague assertion that "Defendants have refused to obey lawful orders of this Court regarding discovery", the Complaint is silent on any facts that could be related to this claim. No orders are cited. No refusals are asserted. No facts related to this allegation are even alleged. This is probably because there are no such facts. For this reason, the Plaintiff's claim must be dismissed.

## II.    Plaintiff's Counsel Should Be Sanctioned Pursuant to 28 U.S.C. §1927.

28 U.S.C. §1927 permits a court to sanction any attorney that "…multiplies the proceedings in any case unreasonably and vexatiously...." To award such sanctions, the Court need not find specific intent or bad faith. *Rentz v. Dynasty Apparel Indus., Inc*., 556 F.3d 389, 396 (6th Cir. 2009). Rather, such sanctions can be awarded when "'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims. *Id.* (quoting *Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th Cir 1997).

Plaintiff's counsel clearly knew or should have known that these claims are frivolous and brought for an improper purpose. When considered in connection with

the twenty-two count fraudulent transfer action also filed, Adv. Pro. 17-04299-mlo, the bad faith is readily apparent.

All of the Defendants in both cases have spent significant legal fees dealing with this clear misconduct, and the misconduct will continue as long as Plaintiff's counsel sees no consequences to his actions. For these reasons, Defendants request that the Court award sanctions against Kenneth Schneider in the full amount of all legal fees incurred directly in connection with or indirectly as a result of his misconduct.

## Conclusion

**WHEREFORE,** Defendants Larry H. Moore and Nancy C. Moore, respectfully request that this Court grant the Motion, dismiss the case, award sanctions pursuant to 28 U.S.C. §1927 and grant such other relief as if just and equitable.

Respectfully submitted,

Dated:  June 2, 2017                KERR, RUSSELL AND WEBER, PLC

By:  */s/ William C. Blasses*
     Jason W. Bank (P54447)
     William C. Blasses (P73945)
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
jbank@kerr-russell.com
wblasses@kerr-russell.com
*Counsel for Defendants Larry H. Moore*
*and Nancy C. Moore*

**EXHIBIT 4**

**CERTIFICATE OF SERVICE**

{37952/1/D1163679.DOCX;4}

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 14-56389-mlo |
| | ) | Hon. Maria L. Oxholm |
| **LARRY H. MOORE** | ) | Chapter 7 |
| **NANCY C. MOORE** | ) | |
| | ) | |
| Debtor | ) | |

| | | |
|---|---|---|
| **TIMOTHY J. MILLER, TRUSTEE** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adv. Pro. # 17-04300-mlo |
| | ) | |
| **LARRY H. MOORE** | ) | |
| **NANCY C. MOORE** | ) | |
| | ) | |
| Defendants | ) | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that he is an employee of Kerr, Russell and Weber, PLC, and that on June 2, 2017, the *Defendants Larry H. Moore and Nancy C. Moore Motion to Dismiss and for Sanctions Pursuant to 28 U.S.C. §1927, Brief in Support of Motion, Notice and Opportunity to Object to Motion, and Proposed Order Granting Motion to Dismiss or, In the Alternative, for Summary Judgment*, was served via the ECF system, upon:

Kenneth M. Schneider on behalf of Plaintiff Timothy J. Miller, Trustee
ken@claysonschneidermiller.com

Peter F. Schneider on behalf of Plaintiff Timothy J. Miller, Trustee
pete@claysonschneidermiller.com

                              Respectfully submitted,

Dated:  June 2, 2017         KERR, RUSSELL AND WEBER, PLC

                              By:   /s/ William C. Blasses
                                    Jason W. Bank (P54447)
                                    William C. Blasses (P73945)
                              500 Woodward Avenue, Suite 2500
                              Detroit, MI  48226
                              (313) 961-0200
                              jbank@kerr-russell.com
                              wblasses@kerr-russell.com

                              *Counsel for Defendants Larry H. Moore
                              and Nancy C. Moore*

**EXHIBIT 5**

**AFFIDAVITS**

Not Applicable