# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: ) | In bankruptcy |
| ) | |
| **LARRY H. MOORE** ) | Case No. 17-04300-mlo |
| **NANCY C. MOORE** ) | Hon. Maria L. Oxholm |
| ) | Chapter 7 |
| Debtor | |
| | |
| **TIMOTHY J. MILLER, TRUSTEE** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Adv. Pro. # 17-04300-mlo |
| ) | |
| **LARRY H. MOORE** ) | |
| **NANCY C. MOORE** ) | |
| ) | |
| Defendants ) | |

---

## DEFENDANTS, LARRY H. MOORE AND NANCY C. MOORE'S ANSWER TO SECOND AMENDED COMPLAINT FOR REVOCATION AND <u>DENIAL OF DISCHARGE</u>

Defendants, Larry H. Moore and Nancy C. Moore, by and through their counsel, Kerr, Russell and Weber, PLC, respond to the Second Amended Complaint for Revocation and Denial of Discharge as follows:

1.      This Court has jurisdiction over this proceeding pursuant to <u>28 U.S.C. § 1334</u>.

**RESPONSE:      Admitted.**

2.      This matter is a core proceeding under <u>28 U.S.C. § 157(b)(2)(J)</u>, justiciable by this Court by reference as authorized at <u>11 U.S.C. § 157(a)</u>.

**RESPONSE:      Admitted.**

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1408 and § 1409.

**RESPONSE:** **Admitted.**

4. This adversary proceeding is brought pursuant to Fed. R. Bankr. P. 7001.

**RESPONSE:** **Admitted.**

## COMMON ALLEGATIONS

5. Timothy J. Miller ("Plaintiff") is the duly appointed Chapter 7 Trustee in the estate of Defendant.

**RESPONSE:** **Admitted.**

6. Defendants Larry H. Moore and Nancy C. Moore ("Defendants") are the debtors in this bankruptcy case.

**RESPONSE:** **Admitted.**

7. Defendants have owed federal income taxes since 2001, and seek to discharge over $3 million in tax liability in this case.

**RESPONSE:** **Defendants deny the allegations as untrue. By way of further response, Defendants state that their discharge has already been granted and is in full force and effect.**

8. Defendants' liability to the IRS occurred as a result of an unsuccessful attempt to shelter a gain from the sale of a business asset.

**RESPONSE:** **Defendants deny the allegations because they are untrue.**

9. The Defendants filed their petition for Chapter 11 bankruptcy on October 20, 2014.

**RESPONSE:** **Admitted.**

10. The Defendants converted their case to Chapter 7 on April 15, 2015.

**RESPONSE:** Defendants deny the allegations as untrue. The Court converted the case to Chapter 7 on April 15, 2015.

11. In the Defendants' sworn schedules they listed no claims and no ownership interest in business entities except "A2 Global Ventures, LLC" with a value of $0.00 (<u>Exhibit 1</u>, p. 7).[1]

**RESPONSE:** Defendants deny the allegations because they are untrue. Plaintiff's own Exhibit 1 includes a reference to other entities on Debtors' Statement of Financial Affairs.

12. Defendant Larry Moore's occupation is stated on Defendants' Schedule I as "President, A2 Global Ventures Inc. [sic]"[2] (<u>Exhibit 1</u>, p. 24). Defendant Larry Moore is also the resident agent of A2 Global Ventures, LLC (Exhibit 15(b), p. 15) and its current Executive Director, Chairman, and manager (according to public filings) (<u>Exhibit 15(b)</u>, p. 30) (*See also* <u>Exhibit 16</u>).

**RESPONSE:** While Defendants admit that Larry Moore has been the resident agent of A2 Global Ventures, LLC, and has held several positions with A2 Global Ventures, LLC, the remaining averments are neither admitted nor denied as the averments are unclear.

13. Defendant Nancy Moore was listed as "retired".

**RESPONSE:** To the extent that Plaintiff is referred to Schedule I filed on November 3, 2014, the allegation is admitted. Defendants otherwise neither admit nor deny the allegations for lack of knowledge.

---

[1] All references to exhibits ae references to exhibits attached to the original complaint filed to commence this adversary proceeding except for new exhibits No. 5w and 5x (attached to this Second Amended Complaint).

[2] A2 Global Ventures is a limited liability company, not a corporation. In statements made to their creditors, the Defendants have referred to all their business entities collectively as "the business". In litigation to be filed against Defendants' family members and their business entities, the Trustee will prove that there was in fact a single enterprise and that the several LLC's were merely alter egos of Defendants— shelters and conduits through which Defendants funneled assets and income to their grown children.

14.     Defendants listed total monthly income of $3918, including $2418 in social security benefits (Exhibit 1, p. 24) and total monthly expenses of $3351.45 (Exhibit 1, p. 26).

**RESPONSE:      To the extent that Plaintiff is referred to Schedule I filed on November 3, 2014, the allegation is admitted. Defendants otherwise neither admit nor deny the allegations for lack of knowledge.**

15.     Notwithstanding repeated requests for records of Defendants' pre and post-petition receipts and disbursements and notwithstanding two orders of this Court, the Defendants have delivered no ledgers or other description of their personal receipts and disbursements except for a check register (Exhibit 7).  This document written by Defendant Nancy Moore describes no deposit sources and exactly 23 disbursements made during the period of March 5, 2015 through July 2, 2016.[3]

**RESPONSE:      Defendants neither admit nor deny the allegations for lack of knowledge. The averments are too vague and unclear. To the extent that the Plaintiff asserts that the Defendants have failed to provide a document that was required to be produced, such averment is denied.**

16.     Defendants showed the same income and expenses as listed in paragraph 11 in their Official Form 22A – 1 (Exhibit 2) filed on May 5, 2015.

**RESPONSE:      Defendants neither admit nor deny the allegations for lack of knowledge. The averments are too vague and unclear.**

17.     Defendants have amended Schedule A/B (real and personal property) (Exhibit 8), but not Schedules I and J (income and expenses) or their Statement of Financial Affairs ("SOFA").

---

[3] Defendant Larry Moore testified that he kept no ledger at all (Exhibit 15, p.10-11)

**RESPONSE:** **Defendants admit that they filed an amended Schedule A/B, and not Schedule I and J or the SOFA, and further state that the document speaks for itself.**

18.     In their SOFA Defendants listed total income from "employment, trade, or profession or from operation of Defendants' businesses including part time activities…" in the amount of $15,000 for 2014, $0 for 2013 and $0 for 2012 (Exhibit 1, p. 29).

**RESPONSE:** **Defendants neither admit nor deny because the documents speak for themselves.**

19.     The figures in paragraph 14 are consistent with their personal tax returns for these years (Exhibit 3) and the tax returns of the Defendants' business entities for these years.

**RESPONSE:** **Defendants neither admit nor deny due to a lack of knowledge or information.**

20.     Defendants disclosed no transfers in the SOFA paragraph 10 (Exhibit 1, p. 31).

**RESPONSE:** **Defendants neither admit nor deny because the SOFA speaks for itself.**

21.     Defendants named 3 business entities in response to SOFA paragraph 18—A2 Global Ventures, LLC ("A2"), Software Innovations, LLC ("SI LLC") and Software Innovations, Inc. ("SI INC") (Exhibit 1, p. 33).

**RESPONSE:** **Defendants neither admit nor deny because the SOFA speaks for itself.**

22.     Defendants also stated that SI LLC and SI INC had both been terminated in 2013 (Exhibit 1, p. 33).

**RESPONSE:** Defendants neither admit nor deny because the allegations are vague and unclear. Defendants further state that Software Innovation, LLC has become A2 Global Ventures, LLC.

23.     On July 8, 2016, Defendant Larry Moore testified that there was no need for amendments to the schedules or SOFA (Exhibit 15(a), pp. 35-36).

**RESPONSE:** Defendants neither admit nor deny for a lack of knowledge and because the documents and testimony speak for themselves.

24.     In response to questions put by IRS counsel during the May 20, 2015 § 341 hearing, Defendants disclosed for the first time substantial assets including a claim against SI LLC and certain business ownership interests.

**RESPONSE:** Defendants deny the allegations because they are untrue.

25.     By letter dated May 11, 2015, the Trustee asked for personal and business financial records pursuant to Fed. R. Bankr. P. 2004 (Exhibit 5(a)).

**RESPONSE:** Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information.

26.     By letter dated June 10, 2015. Defendants' counsel was reminded that amendments were needed to cure errors and omissions in the Schedules (Exhibit 5(b)).

**RESPONSE:** Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information.

27.     Reminders regarding records were sent by emails to Defendants' attorney on June 24, 2015, June 29, 2015, July 8, 2015, August 20, 2015, August 21, 2015, August 24, 2015, September 21, 2015, and September 25, 2015 (Exhibit 5(c)-5(k)).

**RESPONSE:** **Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information.**

28. None of the requested records were at any time disputed and none of the requested records were at any time said to have been missing, lost or destroyed.

**RESPONSE:** **Defendants deny the allegations because they are untrue. Defendants previously advised the Trustee that there was a flood, which resulted in a loss of some records.**

29. Defendants finally produced some but far from all of the records on September 28, 2015.

**RESPONSE:** **Defendants deny they have not delivered any documents in their possession responsive to Trustee's requests. Defendants neither admit nor deny remaining allegations for a lack of knowledge or information.**

30. On October 19, 2015, the eleventh request for records first requested in May 2015 was sent by email to Defendants' attorney (Exhibit 5(l)).

**RESPONSE:** **Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information.**

31. The errors and omissions in the schedules were reiterated and the deficiencies in the response to the request for records were repeated in detail in an email to Defendants' attorney dated October 23, 2015 (Exhibit 5(m)).

**RESPONSE:** **Defendants deny that there were material errors or omissions in the schedules. Defendants neither admit nor deny the remaining allegations because the documents speak for themselves and for a lack of knowledge or information.**

32.     The Trustee repeated his demand for amendments to schedules on October 28, 2015 (Exhibit 5(n)).

**RESPONSE:     Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information.**

33.     On October 30, 2015, Defendants delivered the 2014 federal tax return of SI INC (Exhibit 6(a)).

**RESPONSE:     Defendants admit that the 2014 federal tax return was delivered to the Trustee but neither admit nor deny the remaining allegations and for a lack of knowledge or information.**

34.     The Defendants' ownership interest in SI INC is not listed in Defendants' original schedules or any amendments filed as of the date this adversary proceeding was filed.  Defendants filed additional amendments (Docket No. 254) on July 7, 2017 in which they listed for the first time their ownership of SI, Inc. and LHNCM Investments, LLC.

**RESPONSE:     Defendants deny the allegations because they are untrue.**

35.     The SI INC 2014 return (Exhibit 6(a)) shows 2014 activity including payments of interest in the total amount of $111,438 plus repayment of loans to shareholders in the amount of $110,996.

**RESPONSE:     Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information.**

36.     In 2014 SI INC paid substantial amounts to its owners—including Defendant Larry Moore. Contrary to Defendants' reference to this entity in the SOFA, SI INC had in fact not been "terminated" in 2013.

**RESPONSE:** **Defendants deny the allegations because they are untrue. SI, Inc. ceased operations by 2013 but the corporation was not "terminated".**

37.     Defendants omitted SI INC.'s K-1's from the October 30, 2015 submission to the Trustee, but the Trustee recovered K-1's from the IRS showing that Defendant Larry Moore was a 47.85% owner of this entity in 2014 (Exhibit 6(b)).

**RESPONSE:** **Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information. Defendants provided all documents in their possession to the Trustee.**

38.     The SI INC return raised several issues regarding Defendants' claims against and ownership interest in this entity—about which the Defendants' schedules and amended schedules listed nothing.

**RESPONSE:** **Defendants deny the allegations because they are untrue. SI INC ceased operations in 2013 and has no value.**

39.     The Defendants' errors and omissions were re-stated by Trustee's counsel to Defendants' attorney on December 4, 2015, December 11, 2015, December 15, 2015, and January 8, 2016. (Exhibits 5(o), 5(p), 5(q), and 5(r)).

**RESPONSE:** **Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information.**

40.     Amendments to Schedule A/B were finally filed on January 21, 2016 (Exhibit 8).

**RESPONSE:** **Admitted.**

41.     In the January 21, 2016 amendments:

a.  Defendants added "LHNCM, LLC" but filed to list their ownership share of this entity and also failed to list their 100% ownership of LHNCM Investments, LLC. (<u>Exhibit 8</u>, p. 5)

b.  Defendants also added "Indirect 2% interest in Clixie Media, LLC (via A2 Global Ventures, LLC)". <u>Id.</u>

c.  Defendants again listed A2 with an unspecified "minority interest" and SI LLC "(defunct)" as an entity separate from A2. <u>Id.</u>

d.  Defendants listed the total value of their interests in all four entities (LHNCM, LLC, Clixie, A2, and SI LLC) as $0. <u>Id.</u>

e.  For the first time (longer than one year after this case was filed), Defendants listed a claim (<u>Exhibit 8</u>, p. 7)—described as "Loan owed to [Defendant] from Software Innovations, LLC ($210,000.00)" which Defendants valued at $0.

f.  Defendants disclosed two additional assets for the first time—a $3,500,000 judgment and the "Larry H. Moore Living Trust." Defendants also valued these assets at $0. <u>Id.</u>

**RESPONSE:**     **Defendants neither admit nor deny the averments of paragraph 41 and its subparts due to their vagueness, their lack of knowledge or information and because the documents speak for themselves.**

42.     The January 21, 2016 amendments were stricken but refiled January 25, 2016 (<u>Exhibit 8</u>).  The Trustee's attorney wrote to Defendants' attorney again on February 1, 2016, February 25, 2016, April 7, 2016, April 15, 2016, regarding alleged deficiencies and omissions in the schedules and Defendants' responses to discovery orders.

**RESPONSE:** Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information.

43. The records still missing (including bank statements and ledgers on Defendants' personal and business accounts) were demanded again on February 12, 2016, February 25, 2016, and on April 15, 2016—the one-year anniversary of the conversion of this case to Chapter 7 (Exhibits 5(r), 5(s), and 5(t)).

**RESPONSE:** Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information. Defendants further state that they have provided all documents in their possession to the Trustee.

44. On April 15, 2016, Defendants sent some of the missing tax returns, including Defendants' personal 2015 return (Exhibit 3(d)).

**RESPONSE:** Defendants neither admit nor deny because the averment is vague and unclear.

45. In this return, Defendants reported 2015 interest income of $44,124 and no other income except social security.

**RESPONSE:** Defendants neither admit nor deny the allegations. Defendants initially reported interest income due to a bookkeeping error but subsequently filed an amended return reflecting that the receipt of these funds as income from consulting.

46. Following the failure of negotiations about the Defendants' appearance for examination, the Trustee filed a Motion to Compel Defendants' Production of Records and Appearance for Examination (Docket No. 96).

**RESPONSE:** **Defendants neither admit nor deny the allegations for a lack of knowledge or information.**

47.     The IRS filed a concurrence (<u>Docket No. 103</u>).

**RESPONSE:** **Admitted.**

48.     Defendants filed an objection.  <u>Docket No. 98.</u>

**RESPONSE:** **Admitted.**

49.     The Trustee's motion was granted at a hearing held on May 19, 2016. The order (<u>Exhibit 9</u>) was entered June 1, 2016.  <u>Docket No. 108.</u>

**RESPONSE:** **Defendants admit that the Trustee's motion was granted and that an order was subsequently entered. Defendant neither admit nor deny the remaining allegations due to lack of knowledge.**

50.     The June 1, 2016 order (Id.) allowed Defendants until July 1, 2016 to produce records, but Defendants counsel delivered almost all of the records on the morning of the examination (July 8, 2016).

**RESPONSE:** **Defendants neither admit nor deny the allegations because the documents speak for themselves.**

51.     Most importantly for purposes of this motion, in his testimony under oath at his July 8, 2016 <u>Fed. R. Bankr. P. 2004</u> examination, Defendant Larry Moore repeatedly admitted receipt of payments made to him in 2015 on account of his company's debt to him (<u>Exhibit 15(a)</u>, pp. 21, 22).

**RESPONSE:** **Defendants deny the allegations because the Trustee is mischaracterizing the testimony provided. The testimony speaks for itself.**

52.     At the Defendants' 2004 exam, held July 8, 2016, Defendant Larry Moore testified that he received payments in 2015 "as interest income to help pay bills" (<u>Exhibit 15(a)</u>, p. 23).

**RESPONSE:** **Defendants neither admit nor deny the allegations contained. The page number of the Exhibit cited by the Trustee does not include this testimony.**

53.     The Trustee has repeatedly demanded the dates and amounts of all of Defendants' post-petition receipts.[4] Defendants were ordered to produce these records on February 8, 2017 (<u>Docket No. 186</u>), but have failed to do so.

**RESPONSE:** **Defendants deny the allegations because they are untrue.**

54.     Most recently the Defendants promised this information on the record at the February 28, 2017 <u>Fed. R. Bankr. P.</u> 2004 examination of Larry Moore (<u>Exhibit 15(b),</u> pp. 76-78). Nothing has come as of this writing <u>(April 13, 2017)</u>.

**RESPONSE:** **Defendants neither admit nor deny the allegations for a lack of knowledge or information. The page numbers cited by the Trustee were not included in Exhibit 15(b) attached to the Complaint.**

55.     The exhibits for the July 8, 2016 examination included the 2015 1099-INT issued by SI INC (<u>Exhibit 6(f)</u>)—an entity once owned mostly by the Defendants and still owned by Defendants (an interest still omitted from their Schedule B and SOFA) (<u>Exhibit 12</u>, p. 10). SI INC was the recipient of Defendants' "original" loan (<u>Exhibit 15(a)</u>, p. 22).

---

[4] Property of this estate would include all post-conversion receipts of principal and interest loan repayments—i.e. all such receipts collected by Defendants on or after April 15, 2015.

**RESPONSE:** **Defendants neither admit nor deny the averments because they are vague and unclear.**

56.     This 1099-INT matches to the penny—$44,124.00—the interest income disclosed in the Defendants' 2015 personal federal tax returns (Exhibit 3(d)).

**RESPONSE:** **Defendants neither admit nor deny the allegations because Exhibit 3(d) speaks for itself. Defendants initially reported interest income due to a bookkeeping error but subsequently filed an amended return reflecting that the receipt of these funds arose from consulting income.**

57.     By email dated August 16, 2016 (Exhibit 11), the Trustee formally demanded turnover of this money.

**RESPONSE:** **Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information.**

58.     At no time have Defendants disputed the Trustee's position that money owed to Defendants as of the date of conversion of this case to Chapter 7 (including principal and interest) was then and is now property of this estate under 11 U.S.C. § 541.

**RESPONSE:** **Defendants deny the allegations because they are untrue.**

59.     Defendants denied receipt of principal repayment during 2015 and denied receipt of either interest or principal repayment in 2016 (Exhibit 15(a), p. 23).

**RESPONSE:** **Defendants deny the allegations because they are untrue.**

60.     On October 26, 2016, Trustee filed a Motion for turnover (Docket No. 127) in the main case.

**RESPONSE:** **Admitted.**

## COUNT I – REVOCATION AND DENIAL
## OF DISCHARGE UNDER 11 U.S.C. §727(d)(1)

Plaintiff realleges paragraphs 1-60 and incorporates by reference paragraphs 84 through 98 to the extent the allegations made in these paragraphs are relevant to this Count I.

61.     Defendants' discharge was entered on November 8, 2016.

**RESPONSE:** **Admitted.**

62.     Three days later – on November 11, 2016 – Defendants filed an objection to the Trustee's Motion for Turnover (Docket No. 131).

**RESPONSE:** **Admitted.**

63.     At no time prior to the November 11, 2016 filing did Defendants dispute the Plaintiff's right to the post-petition interest income as stated in the personal and SI, Inc. 2015 income tax returns.

**RESPONSE:** **Defendants neither admit nor deny the allegations because the averment is vague and unclear.**

64.     At no time prior to the November 11, 2016 filing did Defendants deny receipt of 2015 post-petition interest income in the amount of $44,124.00 – as stated in the 2015 tax returns of SI, Inc. and the 2015 personal tax returns of the Defendants.

**RESPONSE:** **Defendants neither admit nor deny the allegations due to a lack of knowledge.**

65.     On December 14, 2016, Defendants' attorney Matthew Vivian delivered the amended 2015 tax returns for Defendants, LHNCM LLC and SI, Inc.

**RESPONSE:** Defendants admit that amended returns were delivered. Defendants neither admit nor deny the remaining averments due to lack of knowledge.

66. Records recovered from the IRS on January 23, 2017 included the foregoing documents/information:

   a) On July 17, 2014 – just 4 months prior to the filing date of this case – the Defendants submitted a statement under penalty of perjury to the IRS (Exhibit 12, at p. 4) showing a monthly receipt of $6,000 described as "LOAN REPAYMENT".

   b) In the same sworn statement, the Defendants listed a claim against SI Inc. in the amount of $287,000. Id. at p. 6.

**RESPONSE:** Defendants neither admit nor deny the allegations in paragraph 66 and each of its subparts because Defendants have no knowledge concerning records "recovered" from the IRS.

67. On February 3, 2017, Plaintiff received records from Creditor New York Community Bank. The records included the following documents/information:

   a) Defendants also reported a steady stream of post-petition incoming loan repayments in sworn statements made to their mortgage company New York Community Bank ("NYCB"). On December 14, 2014 – just a month after the Defendants filed their schedules in this case – Defendants' attorney Matthew Vivian submitted a formal Uniform Borrower Assistance Form ("UBAF") and supporting documentation to NYCB. Exhibit 13.

   b) Defendants stated on the UBAF that they wanted to keep their residence at 1751 Encore Lane, Ann Arbor Michigan, and that their monthly mortgage

payments of $3,500 (reduced from $5,200 in the 2013 Chapter 13 case of Nancy Moore), health and life insurance payments were made by A2 (Id., p. 19).

c)  Defendants attached Personal Budgets to their UBAF showing incoming loan repayment to Defendant Larry Moore of $7,500 monthly for the years 2013 through July 2014 (Id., pp. 9-10) and other income of $500 monthly "wages". No other income but Social Security was listed.

d)  The Personal Budget attachment to Defendants' sworn statements to NYCB for the period of August 2014 through July 2015 shows monthly loan repayment income of $9400 (Id., pp. 12-13).

e)  These Personal Budgets were submitted with a Borrower and Co-Borrower Acknowledgment Agreement (Id., p. 4).

f)  Defendants also included with their sworn statements to NYCB a Hardship Affidavit (Id., p. 3) and attached a letter (Id. p. 7) in which they stated: "The company is negotiating several large contracts in the US and Brazil. We will be very cash positive in June… we are also building significant value in the company and have several large companies discussing buying the company. If a sale happens the amount received by us would be more than adequate to pay the NYCB Note [over $1 million] in its entirety.

g)  Defendants offered NYCB "$6,000 per month as our new payment beginning July 2015." (Id., p. 7).

**RESPONSE:  Defendants neither admit nor deny the allegations in paragraph 67 and each of its subparts because Defendants have no knowledge concerning records received**

from Creditor New York Community Bank. **Any income statements made by Defendants were based upon projected income from contracts that were being negotiated. The referenced business was scheduled to close but never materialized.**

68.     The Defendants' sworn testimony in their Schedule I (showing about $3,900 in monthly income from all sources) occurred just after they submitted sworn statements to the IRS showing $12,060 (Exhibit 12), and just before they submitted sworn statements to NYCB showing monthly income of $10,702 (2013-2014) and $12,602 (2014-2016) (Exhibit 13).

**RESPONSE:     Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information. As stated above, many of the documents referenced were based upon Defendants' projected, anticipated income from contracts that never materialized in Brazil and the United States.**

69.     The Defendants' personal tax returns (Exhibits 3(a)-3(d)) for the years covered by their sworn statements to NYCB show almost no income except for their 2015 federal return which reported $44,124 in interest income.

**RESPONSE:     Defendants neither admit nor deny because the documents speak for themselves and for a lack of knowledge or information. Defendants initially reported interest income due to a bookkeeping error but subsequently filed an amended return reflecting that the receipt of these funds arose from consulting income.**

70.     Defendants' sworn statements to the IRS and NYCB are perfectly consistent with their tax returns because money received by a tax payer for a principal loan repayment is not income for tax purposes.

**RESPONSE:     Defendants neither admit nor deny for a lack of knowledge or information.**

71.     The Defendants' sworn statements to the IRS and NYCB were intended to show—and did show—their incoming resources and means regardless of whether what was coming in was taxable as income. In short, principal loan repayment is not income, but interest income is, and the Defendants' original and amended 2015 tax returns properly disclosed it as such.

**RESPONSE:      Defendants neither admit nor deny for a lack of knowledge or information and because the documents speak for themselves.   As indicated above, Defendants' statements to the IRS and NYCB represented projected income that never materialized.**

72.     The Defendants' sworn statements to the IRS and NYCB—records recovered since the Trustee's original Turnover Motion was filed (notwithstanding Defendants' delays and obstruction of the Trustee's BR 2004 discovery)—show without question that Defendants have since this case was filed received substantial additional repayment of a claim they had as of the filing date.

**RESPONSE:      Defendants neither admit nor deny the allegations for lack of knowledge. Defendants have no knowledge as to documents "recovered from the IRS and NYCB".**

73.     The Defendants failed to list the claim in the first schedules and the evidence establishes that the Defendants misrepresented the claim as "uncollectible" in their amended schedules (filed after the Trustee uncovered this asset).

**RESPONSE:      Defendants deny the allegations because they are untrue.**

74.     Defendants actions and the evidence indicate Defendants also deliberately misrepresented the obligor as "defunct"—as if SI LLC were an entity separate from A2 (Mr. Moore testified that the two are in fact the same entity) (Exhibit 15(b), p. 29).

**RESPONSE:      Defendants deny the allegations because they are untrue.**

75.     Far from "defunct", A2 (f/k/a SI LLC) has repaid its debt to Defendant Larry Moore by paying Defendants' substantial living expenses by direct and indirect means to this day, including mortgage payments, attorney fees, accounting fees, health insurance, life insurance, and numerous additional personal expenses according to A2's general Ledger (Exhibit 14, pp. 1-8).

**RESPONSE:      Defendants deny the allegations because they are untrue.**

76.     Defendant Larry Moore testified again in February 2017 that A2 paid his personal expenses (Exhibit 15(b), pp. 12-13).

**RESPONSE:      Defendants admitted that A2GV paid personal expenses and that such payments have been duly reported.**

77.     Defendants' response to Trustee's document request in regards to the July 8, 2016 exam (Exhibit 10) admitted that the remaining amount due as of the exam date on the loan was "$89,000". *See also*, Exhibit 15(a), p. 61). This amount closely corroborates the value of the loan balance as of the filing date as stated in Defendants' amended schedules ($210,000) minus the post-petition loan repayments indicated in the Defendants' sworn statements to the IRS and NYCB:

$210,000 (loan in amended schedules)

–       ($9,400 x 13 months) (monthly payments represented to NYCB/IRS)

=       $87,800 (corroborates figure listed in Exhibit 10)

**RESPONSE:      Defendants neither admit nor deny the allegations due to vagueness for lack of knowledge as to the truth of the matter asserted.**

78.     SI, LLC is not "defunct", but is now A2.

**RESPONSE:      Defendants deny the allegations because they are untrue.**

79.     A2 repays Defendants' loan receivable by payment of Defendants' expenses and by additional indirect means.

**RESPONSE:     Defendants deny the allegations because they are untrue.**

80.     Had Plaintiff known on November 8, 2016 that Defendants would not remit $44,120, Plaintiff would have objected to discharged under 11 U.S.C. § 727(a).

**RESPONSE:     Defendants neither admit nor deny the allegations for lack of knowledge.**

81.     Had Plaintiff known that, in addition to interest income, Defendants also received post-petition (as of the filing date of this complaint) some $200,000.00 in principal loan repayment, Plaintiff would have objected to Defendant's discharge under 11 U.S.C. § 727(a).

**RESPONSE:     Defendants neither admit nor deny the allegations for lack of knowledge.**

82.     In particular, (a) Defendants' November 11, 2016 filing, (b) the records recovered from the IRS on January 23, 2017, and (c) the recorded recovered from creditor New York Community Bank are evidence supporting denial of discharge under § 727(a)(2) (Concealment of property), § 717(a)(3) (at least for failure to provide records of the loan collections) and §272(a)(4) (for false oaths in Defendants' schedules and Statement of Financial Affairs omissions and representations regarding the loan(s) receivables).  Defendants concealed the receivable in their original schedules and misrepresented the receivable as "uncollectible" in the January 21, 2016 amendments filed after Defendants had actually received many monthly payments post-petition!

**RESPONSE:     Defendants deny the allegations because they are untrue.**

83.     Defendants' November 8, 2016 discharge was obtained through the fraud of the Defendants.

**RESPONSE:     Defendants deny the allegations because they are untrue.**

**WHEREFORE** Defendant respectfully requests that the Court dismiss the Complaint, award attorney fees, and grant such other relief as is just and proper.

## COUNT II – REVOCATION AND DENIAL
## OF DISCHARGE UNDER 11 U.S.C. §727(d)(2)

Plaintiff realleges paragraphs 1-83 and incorporates by reference paragraphs 88-98 to the extent the allegations made in these paragraphs are relevant to this Count I.

84.     Defendants' sworn statements to NYCB show post-petition receipt of loan payments (Exhibit 13), p. 12-13) in the amount of $9,400.00 monthly.

**RESPONSE:      Defendants neither admit nor deny the allegations for lack of knowledge. More specifically, Defendants have no knowledge concerning records received from Creditor New York Community Bank but aver that any statements previously made to the bank were projections and not actual amounts received.**

85.     Defendants' response to the Trustee's document request (Exhibit 10) closely corroborates Defendants' post-petition receipt of loan payments in amounts which would explain the decrease in the loan receivables from $210,000 (as stated in Defendants January 21, 2016 amendments (Exhibit 8) to their schedules) to $89,000 as of July 8, 2016 (the date of the Defendants' response). The math is described in more detail in Paragraph 78.

**RESPONSE:      Defendants neither admit nor deny the allegations for lack of knowledge. More specifically, Defendants have no knowledge concerning records received from Creditor New York Community Bank but aver that any statements previously made to the bank were projections and not actual amounts received.**

86.     Defendants have neither reported nor surrendered any funds to this estate.

**RESPONSE:** **Admitted. By way of further answer, there were no funds that were required by law to be reported and surrendered to the estate.**

87. Defendant's failure to report or surrender loan repayments received post-petition was knowing and fraudulent.

**RESPONSE:** **Defendants deny the allegations because they are untrue.**

**WHEREFORE,** Defendant respectfully requests that the Court dismiss the Complaint, award attorney fees, and grant such other relief as is just and proper.

## COUNT III – REVOCATION AND DENIAL OF DISCHARGE UNDER 11 U.S.C. §727(d)(3)

Plaintiff realleges paragraphs 1-87, and states as follows:

88. By order dated June 1, 2016 (Exhibit 9), Defendants were ordered to produced records.

**RESPONSE:** **Admit that the Court entered an order to produce records. Defendants neither admit nor deny all other averments due to lack of knowledge.**

89. In particular, Defendants were ordered to produce the records detailed in correspondence attached as Exhibits 5(a), 5(o), 5(w), and 5(x).

**RESPONSE:** **Defendants neither admit nor deny the allegations for lack of knowledge.**

90. The May 11, 2015 list (Exhibit 5(a)) included "(item #2) personal and business financial account records, including statements and ledges, January 1, 2014 to date".

   a) Defendants have delivered only the ledger (Exhibit 7). This ledger described a few prepetition disbursements, no post-petition disbursements, and no deposits from any source.

b)      Defendants have delivered no personal bank statements except for a single account that includes only social security receipts. Plaintiff uncovered certain bank accounts kept by Defendants in the name of their trust – Defendants have delivered no statements in this account. Exhibit5(a).

**RESPONSE:**      **Defendants neither admit nor deny the allegations of paragraph 90 and its subparts for lack of knowledge.**

91.      The June 18, 2015 letter (Exhibit 5(w)) demanded all records relating to Defendants' claims against and interests in business entities. Defendants have produced no records re: claims against any business entities. Records delivered by Defendants re: their ownership interests in business entities are still incomplete on their face. Omitted, for example, are records re: their transfers of ownership interests to their son Timothy J. Moore, and their son-in-law Jerry L. Raymor – in particular a certain "Buy-Sell Agreement". Exhibit 17.

**RESPONSE:**      **Defendants neither admit nor deny the allegations for lack of knowledge.**

92.      Defendants were also ordered to produce records on loans by them "to and among related parties (including family individuals and business entities owned in whole or in part by Mr. Moore and/or Mrs. Moore". Exhibit 5(m).

**RESPONSE:**      **Defendants neither admit nor deny the allegations for lack of knowledge.**

93.      Debtors were also ordered to produce records re: the disposition of the C-Text stock sale proceeds and the mortgage proceeds received by Mr. and/or Mrs. Moore and/or their trusts. Exhibit 5(w). Defendants have produced no records of any kind regarding these proceeds of several million dollars.

**RESPONSE:** Defendants neither admit nor deny the allegations for lack of knowledge. Defendants have produced large volumes of documents to the Trustee in response to various requests.

94. By order entered February 8, 2017, Defendants were ordered to produce:

    a) Documentation of all post-petition receipts, whether received directly or indirectly via the Debtors' interests in LHNCM, LLC or the trust accounts held by the Debtors, including amounts, payors, payees, dates, etc.

    b) Documentation of any third-party post-petition expenditures made for the benefit of the Debtors, including amounts, payors and payees, dates, etc.

**RESPONSE:** Defendants neither admit nor deny the allegations for lack of knowledge.

95. Defendants have delivered nothing in compliance with the February 8, 2017 order.

**RESPONSE:** Defendants neither admit nor deny the allegations for lack of knowledge.

96. At the February 28, 2017 2004 examination, Defendants promised compliance with the February 8, 2017 order, but Defendants have refused to deliver anything in compliance with the order.

**RESPONSE:** Defendants deny the allegations as untrue.

97. At no time have Defendants expressed any uncertainty about the records described in the orders.

**RESPONSE:** Defendants deny the allegations as untrue.

98. Defendants have failed and refused to obey lawful orders of this Court.

**RESPONSE:** Defendants deny the allegations as untrue.

**WHEREFORE,** Defendant respectfully requests that the Court dismiss the Complaint, award attorney fees, and grant such other relief as is just and proper.

<u>**AFFIRMATIVE AND/OR SPECIAL DEFENSES**</u>

In further response to the Complaint, Defendant asserts that Plaintiffs' claims are barred in full or in part by the following affirmative and/or special defenses:

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Plaintiff is barred from pursuing these claims based upon waiver and estoppel.

3.     Plaintiff failed to timely pursue an objection to Debtors' Discharge and not objecting to a dismissal of the U.S. Trustee's Complaint objecting to discharge in November 2016.

4.     Plaintiff has unclean hands.

5.     Any violations complained of by Plaintiff were caused by Plaintiff's bad faith conduct and not the fault of the Defendants.

6.     Plaintiff is barred by the doctrine of laches.

                                        Respectfully submitted,

Dated:  October 24, 2017                KERR, RUSSELL AND WEBER, PLC

                                        By:___*/s/ William C. Blasses*_____
                                              Jason W. Bank (P54447)
                                              William C. Blasses (P73945)
                                        500 Woodward Avenue, Suite 2500
                                        Detroit, MI  48226
                                        (313) 961-0200
                                        wblasses@kerr-russell.com

                                        *Counsel for Defendants*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | In bankruptcy |
| | ) | |
| **LARRY H. MOORE** | ) | Case No. 17-04300-mlo |
| **NANCY C. MOORE** | ) | Hon. Maria L. Oxholm |
| | ) | Chapter 7 |
| Debtor | | |
| | | |
| **TIMOTHY J. MILLER, TRUSTEE** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adv. Pro. # 17-04300-mlo |
| | ) | |
| **LARRY H. MOORE** | ) | |
| **NANCY C. MOORE** | ) | |
| | ) | |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that he is an employee of Kerr, Russell and Weber, PLC, and that on October 6, 2017, the *Defendants, Larry H. Moore and Nancy C. Moore's Answer to Second Amended Complaint for Revocation And Denial Of Discharge* was served upon all counsel of record via the ECF system.

Respectfully submitted,

Dated:  October 24, 2017    KERR, RUSSELL AND WEBER, PLC

By:___ */s/ William C. Blasses*_____
   Jason W. Bank (P54447)
   William C. Blasses (P73945)
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
wblasses@kerr-russell.com
*Counsel for Defendants*